**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REUBEN A. JACOBS, SR., | Civil Action |
| Plaintiff, | No. 09-3035 (JBS-JS) |
| v. | **O P I N I O N** |
| THE CITY OF BRIDGETON, et al., | |
| Defendant. | |

**APPEARANCES:**

    REUBEN A. JACOBS, SR., Plaintiff pro se
    #218687
    Hudson County Correctional Center
    South Kearny, New Jersey  07032

**Simandle**, District Judge:

Plaintiff, an inmate currently confined at the Hudson County Correctional Center, South Kearny, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915.[1]  Plaintiff submitted his affidavit of indigence and institutional account statement, pursuant to 28 U.S.C. § 1915(a) (1998).

---

[1] In addition to the instant action, Plaintiff also instituted the following matters in this District: (a) Jacobs v. Cumberland County, 09-133 (JBS) (filed on 1/09/09); (b) Jacobs v. Cumberland County, 09-181 (RMB) (filed 01/09/09 ); (c) Jacobs v. Cumberland County, 09-370 (NLH) (filed 01/28/09); (d) Jacobs v. Hugit's Bar, 09-932 (JBS) (filed 03/03/09 and closed 05/15/09); and (e) Jacobs v. Depersia, 09-180 (JBS) (filed 01/09/09 and closed 03/24/09).

I.  **BACKGROUND**

In this matter, Plaintiff names the following entities as Defendants: (a) the City of Bridgeton ("City"); (b) the Bridgeton Police Department ("Police Department"); (c) the Cumberland County Prosecutor's Office ("Prosecutor's Office"); (d) Detective Thompson ("Thompson"); (e) Detective Pierce ("Pierce"); and (f) Assistant Prosecutor Jesperson ("Jesperson").  See Docket Entry No. 1, at 1.

Elaborating on his claims against the City, Plaintiff asserts that the City "[d]epriv[ed] Plaintiff of his 5th and 6th amendments." Id. at 4.  Plaintiff repeats, verbatim, the same line while stating his allegations against the Police Department and, in addition, asserts that the Police Department "[s]ubject[ed] Plaintiff to frivolous litigation and malicious prosecution." Id. at 5.  With regard to the Prosecutor's Office, Plaintiff asserts that the Prosecutor's Office "[a]ssist[ed] BOP[2] in the frivolous litigation and malicious prosecution of Plaintiff [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id. at 6.  Proceeding to Defendant Thompson, Plaintiff alleges that Thompson violated Plaintiff's rights by

---

[2] Since Plaintiff is a state-held pre-trial detainee, the Court is not entirely clear as to the reason for Plaintiff's reference to the Federal Bureau of Prisons.  However, the fact of Plaintiff's such reference has no effect on the Court's analysis in this matter.

being Plaintiff's "[a]rresting officer and head detective on the case [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id. Then, with regard to Defendant Pierce, Plaintiff similarly asserts that Pierce violated Plaintiff's rights by being Plaintiff's "[a]rresting officer and 2nd detective on the case [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id. Finally, with regard to Defendant Jesperson, Plaintiff maintains that Jesperson violated Plaintiff's rights by being Plaintiff's "[p]rosecuting attorney [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id.

Plaintiff alleges that: (a) he was arrested on November 29, 2005; and (b) indicted in June of 2007 during a grand jury proceeding, where Defendant Jesperson represented the state and, allegedly, made a presentation to the jurors "using friv[o]lous and coerced statements." Id. at 7. The remainder of Plaintiff's "Statement of Claims" contains: (a) Plaintiff's opinion that the Police Department is unprofessional; (b) Plaintiff's beliefs that "[t]he seed of these allegations ha[d] been planted firmly in the minds of everyone in [Plaintiff's] community[,] as well as the family of the victim [causing] numerous attempts [on Plaintiff's]

3

life"; (c) Plaintiff's observations that "it [became] nearly impossible for [him] and [his] family to live in the town"; and (d) Plaintiff's predictions that the prosecutors in Plaintiff's (apparently ongoing) criminal prosecution would not be able to succeed in seeking Plaintiff's conviction.  Id. at 7-8.

**II.  STANDARD OF REVIEW**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

Last year, addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in

4

this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.
>
> Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer

5

> possibility that a defendant has acted unlawfully.
> Id. [Indeed, even w]here a complaint pleads facts that
> are "merely consistent with" a defendant's liability,
> [the so-alleging complaint still] "stops short of
> [showing] plausibility of 'entitlement to relief.'"
> Id. at 557 (brackets omitted). [A fortiori,] the tenet
> that a court must accept as true all of the
> allegations contained in a complaint is inapplicable
> to legal conclusions [or to t]hreadbare recitals of
> the elements of a cause of action, supported by mere
> conclusory statements [,i.e., by] legal conclusion[s]
> couched as a factual allegation [e.g.,] the
> plaintiffs' assertion of an unlawful agreement [or]
> that [defendants] adopted a policy "'because of,' not
> merely 'in spite of,' its adverse effects upon an
> identifiable group." . . . . [W]e do not reject these
> bald allegations on the ground that they are
> unrealistic or nonsensical. . . .   It is the
> conclusory nature of [these] allegations, rather than
> their extravagantly fanciful nature, that disentitles
> them to the presumption of truth. . . . [Finally,] the
> question [of sufficiency of] pleadings does not turn .
> . . the discovery process. Twombly, 550 U.S.] at 559
> . . . . [The plaintiff] is not entitled to discovery
> [where the complaint alleges any of the elements]
> "generally," [i.e., as] a conclusory allegation
> [since] Rule 8 does not [allow] pleading the bare
> elements of [the] cause of action [and] affix[ing] the
> label "general allegation" [in hope to develop facts
> through discovery].

Iqbal, 129 S. Ct. at 1949-54.

### III.  DISCUSSION

    **A.   Allegations Based on Generalities Do Not State a Claim**

At the outset of this discussion, the Court notes that Plaintiff's self-serving conclusory statements, reduced to repeats of the phrase that each Defendant "violat[ed] Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution" do not meet the pleading requirements, as clarified in Iqbal, 129 S. Ct. at

1949-54. And while Plaintiff's Complaint provides this Court with extensive discussion of his emotions, his predictions as to the outcome of his criminal prosecution, his disappointments with the operations of the police department, his laments about his reputation and his family's notions, and his concerns about his safety in the event Plaintiff is released from incarceration and resides in his community, these statements do not provide the factual matter for the purposes of Plaintiff's claims. See id.

### B. Claims Against Entities Not Cognizable in § 1983 Action

Section 1983 provides, in relevant part, as follows:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person amenable to suit under § 1983 and acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff names, as Defendants in this action, two entities not cognizable as "persons" for the purposes of a § 1983

suit: the Police Department and Prosecutor's Office.  See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (police department is not a "person" for the purposes of a § 1983 suit); Martin v. Red Lion Police Dep't, 146 Fed. App'x, 558, 562 n.3 (3d Cir. 2005) (same); Briggs v. Moore, 251 Fed. App'x 77, 2007 U.S. App. LEXIS 24309 (3d Cir. N.J. 2007) (police department and prosecutor's office are not "persons" within the meaning of § 1983 suit); Stackhouse v. City of E. Orange, 2008 U.S. Dist. LEXIS 90727 (D.N.J. Nov. 6, 2008) (same); Smith v. H.C. Prosecutors Office, 2008 U.S. Dist. LEXIS 55660, at *7 (D.N.J. July 15, 2008) (prosecutor's office is not a cognizable "person" for the purposes of 1983 action).  Therefore, Plaintiff's allegations against these Defendants must be dismissed.

**C.   Claims Based on the Respondeat Superior Theory**

Local government units (same as officials holding supervisory positions) cannot be deemed liable under § 1983 solely on the theory of respondeat superior.  See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978); Natale v. Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

8

omitted); accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Hence, to establish a supervisor's liability (or municipal liability) under § 1983 here, Plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Plaintiff must show that, through deliberate conduct, the governmental entity was the moving force behind the injury. See Monell, 436 U.S. at 689.

> A policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. A custom is an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law.
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Natale, 318 F.3d at 584 (citations, quotation marks and footnote omitted). Moreover, these allegations must be stated in terms of actual facts rather than self-serving conclusions disguised as facts. See Iqbal, 129 S. Ct. at 1949-54.

Here, Plaintiff's allegations against the City are limited to an assertion that the City is a "governing body" which "[d]epriv[ed] Plaintiff of his 5th and 6th amendments." Docket Entry No. 1, at 4. These allegations present nothing but a bare respondeat superior claim and a legal conclusion, both of which are not sufficient to meet the pleading requirement. Thus, Plaintiff's claims against the City should be dismissed.[3]

Typically, claims originally paraphrased in terms of bare respondeat superior challenges are dismissed without prejudice, and the litigant is given leave to amend his pleadings by stating the actual facts underlying his claims. See Foman v. Davis, 371 U.S. 178, 182 (1962); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). Indeed, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the

---

[3] Moreover, if the Court were to construe Plaintiff's allegations against the Police Department and/or the Prosecutor's Office as claims against the officials supervising these administrative entities, Plaintiff's claims against these officials would have to be dismissed on the same grounds: for failure to allege any facts and bare reliance of the theory of respondeat superior. Thus, even if construed as claims against supervisory officials, Plaintiff's allegations the Police Department and/or the Prosecutor's Office should be dismissed.

10

purpose of pleading is to facilitate a proper decision on the merits." Foman, 371 U.S. at 182-83. However, no leave to amend is required where leave appears futile.

Here, Plaintiff's allegations against the City of Bridgeton will be dismissed without prejudice to repleading to state a proper claim for Section 1983 municipal liability as to the City's conduct occurring within the two-year period prior to filing this Complaint, i.e., events occurring on or after June 8, 2007. Such an amended complaint must be filed within thirty (30) days of the entry of the accompanying order.

**D.  False Arrest Claims Are Time Barred**

The Court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte a pro se civil rights claim under 28 U.S.C. § 1915(e)(2) if the untimeliness of the claim is apparent from the face of the complaint. See Jones v. Bock, 549 U.S. 199 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 n. 10 (3d Cir. 1994).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384 (2007).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

Here, Plaintiff asserts that his false arrest took place on November 29, 2005.  See Docket Entry No. 1, at 7.  False arrest and false imprisonment consist of unlawful detention, that is, detention without legal process.  See Wallace, 549 U.S. at 389.  Thus, "false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges."  Id. at 389 (citations omitted) (emphasis removed).  "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process."  Id., at 390 (emphasis removed, citations omitted).

Here, Plaintiff's false arrest claim accrued either on November 29, 2005, or shortly thereafter: specifically, when he was bound over by a magistrate or arraigned on the charges resulting from or related to the arrest.  Consequently, it is

self-evident that Plaintiff's two-year period of limitations to bring a civil action on the grounds of his November 29, 2005, arrest was long expired by June 8, 2009, that is, by the date when Plaintiff executed his instant complaint and, presumably, handed it to his current prison officials for mailing to the Court: i.e., his statute of limitations expired about eighteen months prior.

It follows that Plaintiff's allegations against his arresting officers, i.e., Defendants Thompson and Pierce, are subject to dismissal, as untimely.  Derivatively, it is futile to grant Plaintiff leave to amend his pleadings as to his arrest-related allegations against the Police Department supervisory officials (that is, presuming that such allegations were ever intended) and against the City: if these allegations are based on the conduct of Defendants Thompson and Pierce, these allegations -- regardless of re-pleading -- would necessarily be time-barred.

As to Plaintiff's claim of malicious prosecution, on the other hand, such a claim would not be time-barred if the prosecution was concluded favorably to Plaintiff (that is, by acquittal or dismissal of charges) within two years prior to June 8, 2009.  If Plaintiff is able to allege that a defendant maliciously prosecuted him, and that he was acquitted of charges or that the charges were dismissed after June 8, 2007, then Plaintiff may file an amended complaint for malicious prosecution

against any appropriate defendant. If the charges were not concluded favorably to Plaintiff, then he does not have a claim for malicious prosecution.

### E.  Claims Against Jesperson Are Barred by Immunity

The foregoing discussion, however, still leaves Plaintiff's claims against Plaintiff's prosecutor, Defendant Jesperson.[4]

A prosecutor is immune from a civil suit for damages under § 1983 for initiating a prosecution and presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 120 (1997); Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

> More than a mere defense to liability, prosecutorial immunity embodies the "right not to stand trial," [In re] Montgomery County, 215 F.3d [367,] 373 [(3d Cir. 2000)] (citing Mitchell v. Forsyth, 472 U.S. 511, 525 (1985)). [A prosecutor is absolutely immune if] he or she was functioning as the state's advocate when performing the action(s) in question. Yarris [v. County of Delaware], 465 F.3d [129,] 136 [(3d Cir. 2006).] This inquiry focuses on "the nature of the function performed . . . . Under this functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity [i.e., the] immunity attaches to actions "intimately associated with the judicial phases of litigation," but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings. Giuffre [v. Bissell], 31 F.3d [1241,] 1251 [(3d Cir. 1994)] (quoting Imbler, 424 U.S. at 430) (internal quotation omitted); see also Rose [v. Bartle], 871 F.2d [331,] 346 [(3d Cir. 1989)]

---

[4] It is apparent that Plaintiff's claims against Jesperson, if substantiated, might derivatively give basis to Plaintiff's claims against the supervisory officials at the Prosecutor's Office and/or the City, that is, provided that these latter claims are re-pled in accordance with the requirements set forth in Iqbal, 129 S. Ct. at 1949-54.

14

>   (contrasting the prosecutor's "quasi-judicial" role
>   from his "administrative/ investigative" role). . . .
>   [W]here a prosecutor's role as advocate has not yet
>   begun, or where it has concluded, absolute immunity
>   does not attach. [See <u>Yarris</u>,] 465 F.3d at 137 (quoting
>   <u>Spurlock v. Thompson</u>, 330 F.3d 791, 799 (6th Cir.
>   2003)).

<u>Odd v. Malone</u>, 538 F.3d 202, 207-08 (3d Cir. 2008).

Here, Plaintiff alleges that his indictment proceedings took place in June of 2007, <u>see</u> Docket Entry No. 1, at 7, that is, two years prior to Plaintiff's execution of the instant Complaint, and that was the time when Defendant Jesperson became involved in Plaintiff's criminal proceedings.  <u>See</u> <u>id.</u> at 6-7.  Consequently, it is self-evident that, during these past two years following Plaintiff's indictment, Jesperson performed his functions in Jesperson's capacity of the state's advocate.   It follows that Plaintiff's challenges against Jesperson are subject to dismissal on the grounds of absolute immunity.[5]

## IV.  **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's application to file the complaint without prepayment of the filing fee and dismisses the complaint, with prejudice, for failure to state a claim upon which relief may be granted, except

---

[5] Derivatively, it is futile to grant Plaintiff leave to amend his pleadings as to his prosecution-related allegations against the Prosecutor's Office supervisory officials (presuming that such allegations were ever intended) and against the City: if these allegations are based on the conduct of Defendant Jesperson, they would necessarily be barred by prosecutorial immunity of the subordinate entity.

that Plaintiff may amend his complaint to state a claim for municipal liability of the City of Bridgeton and/or for malicious prosecution by persons other than the prosecutor, if such conduct occurred within the two years prior to June 8, 2009; such amended complaint must be filed within thirty (30) days hereof.

    An appropriate Order accompanies this Opinion.


                                       **s/ Jerome B. Simandle**
                                       JEROME B. SIMANDLE
                                       U.S. District Judge

Dated:    **July   2   , 2009**