**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| REUBEN A. JACOBS, SR., | |
| Plaintiff, | Civil Action 09-3035 (JBS) |
| v. | **O P I N I O N** |
| THE CITY OF BRIDGETON, et al., | |
| Defendants. | |

**APPEARANCES:**

REUBEN A. JACOBS, SR., Plaintiff pro se
#218687
Hudson County Correctional Center
South Kearny, New Jersey  07032

**Simandle**, District Judge:

This matter comes before the Court upon Plaintiff's application to amend his complaint. See Docket Entry No. 4. For the reasons stated below, the Court will grant Plaintiff's motion and will dismiss Plaintiff's amended complaint, with prejudice, for failure to state a claim upon which relief can be granted.

**I.  BACKGROUND**

Plaintiff, an inmate currently confined at the Hudson County Correctional Center, South Kearny, New Jersey, brought this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees,

1

pursuant to 28 U.S.C. § 1915.¹ Plaintiff's original complaint named the following entities as Defendants: (a) the City of Bridgeton ("City of Bridgeton"); (b) the Bridgeton Police Department ("Police Department"); (c) the Cumberland County Prosecutor's Office ("Prosecutor's Office"); (d) Detective Thompson ("Thompson"); (e) Detective Pierce ("Pierce"); and (f) Assistant Prosecutor Jesperson ("Jesperson"). See Docket Entry No. 1, at 1.

Elaborating on his claims against the City, Plaintiff asserted that the City "[d]epriv[ed] Plaintiff of his 5th and 6th amendments." Id. at 4. Then, Plaintiff repeated, verbatim, the same line while stating his allegations against the Police Department. See id. In addition, Plaintiff asserted that the Police Department "[s]ubject[ed] Plaintiff to frivolous litigation and malicious prosecution." Id. at 5. With regard to the Prosecutor's Office, Plaintiff asserted that the Prosecutor's Office "[a]ssist[ed] BOP in the frivolous litigation and malicious prosecution of Plaintiff [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id. at 6. With respect to Defendant

---

¹ In addition to the instant action, Plaintiff also instituted the following matters in this District: (a) Jacobs v. Cumberland County, 09-133 (JBS) (filed on 1/09/09); (b) Jacobs v. Cumberland County, 09-181 (RMB) (filed 01/09/09 ); (c) Jacobs v. Cumberland County, 09-370 (NLH) (filed 01/28/09); (d) Jacobs v. Hugit's Bar, 09-932 (JBS) (filed 03/03/09 and closed 05/15/09); and (e) Jacobs v. Depersia, 09-180 (JBS) (filed 01/09/09 and closed 03/24/09).

Thompson, Plaintiff alleged that Thompson violated Plaintiff's rights by being Plaintiff's "[a]rresting officer and head detective on the case [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id. With regard to Defendant Pierce, Plaintiff similarly asserted that Pierce violated Plaintiff's rights by being Plaintiff's "[a]rresting officer and 2nd detective on the case [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id. Finally, with regard to Defendant Jesperson, Plaintiff alleged that Jesperson violated Plaintiff's rights by being Plaintiff's "[p]rosecuting attorney [thus] violating Plaintiff[']s 5th and 6th amendments [and] subjecting Plaintiff to frivolous litigation and malicious prosecution." Id.

Further elaborating on his claims, Plaintiff's original complaint clarified that: (a) Plaintiff was arrested on November 29, 2005; and (b) indicted in June of 2007 during a grand jury proceeding, where Defendant Jesperson represented the state and, allegedly, made a presentation to the jurors "using friv[o]lous and coerced statements." Id. at 7. The remainder of Plaintiff's "Statement of Claims" contained: (a) Plaintiff's opinion that the Police Department was unprofessional; (b) Plaintiff's beliefs that "[t]he seed of these allegations ha[d] been planted firmly in the minds of everyone in [Plaintiff's] community[,] as well as the

3

family of the victim [causing] numerous attempts [on Plaintiff's] life"; (c) Plaintiff's observations that "it [became] nearly impossible for [him] and [his] family to live in the town"; and (d) Plaintiff's predictions that the prosecutors in Plaintiff's criminal prosecution would not be able to succeed in seeking Plaintiff's conviction. Id. at 7-8.

The Clerk received Plaintiff's original complaint on June 22, 2009. On July 2, 2009, this Court issued an order ("July Order"), see Docket Entry No. 3, and accompanying opinion ("July Opinion"), see Docket Entry No. 2, dismissing Plaintiff's original complaint, see Docket Entry No. 3, and explaining the grounds for such dismissal. See Docket Entry No. 2.

Specifically, the Court's July Opinion detailed to Plaintiff the standard of review, the invalidity of conclusory allegations, the insufficiencies of claims against supervisory officials based on the theory of respondeat superior, the concept of prosecutorial immunity and the statute of limitations bar. See, generally, Docket Entry No. 2. Applying the foregoing principles to Plaintiff's claims, the Court: (1) dismissed, with prejudice, Plaintiff's claims against Defendants Police Department and Prosecutor's Office because these entities were not "persons" within the meaning of § 1983 suit; (2) dismissed Plaintiff's malicious prosecution claims, without prejudice, as premature; (3) dismissed Plaintiff's claims against Defendant Jesperson, with

4

prejudice, as barred by prosecutorial immunity and as untimely; (4) dismissed, with prejudice, Plaintiff's false arrest claims against Defendants Thompson and Pierce as untimely, since these claims accrued either on November 29, 2005, or shortly thereafter, and Plaintiff's original complaint stated no grounds warranting equitable tolling within the meaning of state law; and (5) dismissed Plaintiff's claims against Defendant City of Bridgeton, with prejudice, since (a) Plaintiff's allegations against this Defendant were limited to conclusory statements based on the <u>respondeat</u> <u>superior</u> theory; and (b) the shortcomings of these allegations did not appear curable because Plaintiff's claims against this Defendant were derivative from Plaintiff's time barred false arrest claims against Defendants Thompson and Pierce. <u>See</u>, <u>generally</u>, Docket Entry No. 2. The July Order clarified the same to Plaintiff by stating as follows:

> Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted, except that Plaintiff's claims for municipal liability of the City of Bridgeton and malicious prosecution by entities other than the prosecutor are DISMISSED WITHOUT PREJUDICE to Plaintiff's right to file an amended complaint consistent with this Opinion within thirty (30) days . . . .

Docket Entry No. 3, at 2. In sum, Plaintiff could amend his original complaint: (a) if Plaintiff's malicious prosecution claim was ripe; and (b) if, and only if, Plaintiff's claims against supervisory entities (derivative from the aforesaid ripe malicious prosecution challenges rather than from other allegations) could be

5

supplemented by factual allegations showing actual personal involvement of these supervisory entities in the alleged wrongs suffered by Plaintiff.

On August 13 (that, is, more than forty days after the Court's issuance of its July Order and July Opinion), Plaintiff executed his instant motion. See Docket Entry No. 4, at 3. The motion consists of three parts: (1) a letter, which is effectively a motion to file an amended complaint and to name additional defendants, see id., at 1; (2) the amended complaint itself ("Amended Complaint"), see id., at 2-3; and (3) a copy of the investigative report prepared by an investigator (who was, seemingly, retained by Plaintiff's defense attorney during Plaintiff's criminal proceedings). See id., at 5.

The Amended Complaint asserted that Plaintiff was arrested on November 30, 2005, by Defendant Thompson and re-alleged that: (a) Plaintiff's arrest was false; and (b) the ensuing prosecution was malicious. See id., at 2. In addition, the Amended Complaint alleged that a certain Lieutenant Camari and the Chief of Police violated Plaintiff's rights because they were "decision makers posses[sing] final authority," and Defendant Thompson operated "under the authority of [Thompson's] supervisors," who were Lieutenant Camari and the Chief of Police. Id. From the foregoing, Plaintiff concluded that the City of Bridgeton incurred

> municipal liability as superior respondeats [sic.] when they failed to act affirmatively all through the need to

6

> take some action to control the agents of the government [illegible] so obvious and the inadequacy of the existing practice was so likely to result in the violation of the constitutional rights of Plaintiff. . . . The City in light of the respondeat superior liability may be held liable for the negligent hiring and supervision of {Defendants} Thompson and Pierce, the inadequate hiring, training and supervision of the officers was the cause of action which has led to the deprivations of the constitutional rights suffered b Plaintiff.

Id., at 2-3.

## II. DISCUSSION

Plaintiff's motion to amend his complaint, as well as his Amended Complaint itself, are untimely, being executed after the time allotted by the Court expired.[2] However, being mindful of Plaintiff's pro se litigant status, this Court finds it prudent to grant Petitioner's motion and to screen his Amended Complaint on merits.

### A. Plaintiff's Respondeat Superior Claims Are Insufficient

As the Court already explained to Petitioner, allegations based on the theory of respondeat superior are insufficient to state a claim under Section 1983. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In Iqbal, the plaintiff asserted that one supervisory official was liable for violation of the plaintiff's rights because that official was the "principal architect" of the policy (which, allegedly, caused the plaintiff harm), while

---

[2] It appears self-evident that Plaintiff could not "file" his Amended Complaint (by submitting it to his prison officials for mailing to this Court) prior to Plaintiff's actual execution of this Amended Complaint.

7

another supervisory official violated the plaintiff's rights because that official was "implemental" in adoption and execution of the aforesaid policy. See id. at 1944. The Supreme Court found both allegations facially insufficient under the pleading requirements of Rule 8(a) and the holding of Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658 (1978). See Iqbal, 129 S. Ct. at 1949 (quoting Robertson v. Sichel, 127 U.S. 507, 515-516 (1888), for the proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

Hence, even if Plaintiff's allegations against the City of Bridgeton (or against Lieutenant Camari and the Chief of Police, who appear to be the additional Defendants Plaintiff had in mind) were based on a ripe malicious prosecution claim, these allegations would have to be dismissed as facially insufficient under the pleading requirements of Rule 8(a), pursuant to the unambiguous holding of Iqbal. A fortiori, these claims are subject to dismissal – with prejudice – if these claims are derivative from an invalid underlying allegations.

**B. Plaintiff's Underlying Claims Are Invalid**

The Amended Complaint reiterates, as Plaintiff's underlying challenges, the time barred false arrest allegations already

8

dismissed by this Court in its July Order; the operation of the applicable statute of limitations was sufficiently detailed in the Court's July Opinion and need not be reiterated herein: the Court, thus, directs Plaintiff's attention to pages 11 to 13 of its July Opinion.[3]

Moreover, Plaintiff's Amended Complaint does not state a ripe malicious prosecution claim. See id. at 13. An element of a claim for malicious prosecution is the favorable termination of criminal proceedings against the Plaintiff.[4] See Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091, 1097(2007); Barco Urban Renewal Corp. v. Housing Authority of City of Atlantic City, 674 F.2d 1001, 1011 (3d Cir. 1982). Part of the "favorable termination" element of malicious prosecution is that the "plaintiff claiming malicious prosecution must be [found, either by a state court order or by an issuance of a writ of habeas

---

[3] Since Plaintiff's Amended Complaint changed the date of Plaintiff's arrest by only one day (in comparison with the allegations stated in the original complaint), i.e., the date of arrest was moved from November 29 to November 30 of 2005, Plaintiff's false arrest challenges are as time barred under the facts asserted in the Amended Complaint as they were time barred under the facts of the original complaint. See Docket Entry No. 2, at 11-13 (providing the legal standard and time calculation).

[4] Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) *the criminal proceeding was terminated favorably to the plaintiff.* See Lind v. Schmid, 67 N.J. 255, 262 (1975).

9

corpus,] innocent of the crime charged in the underlying prosecution." Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000). Moreover, the claim for malicious prosecution accrues only upon favorable termination of Plaintiff's criminal proceedings, i.e., the claim becomes ripe and the statute of limitation to sue on that claim is triggered only on the date of the issuance of a state court order dismissing charges against Plaintiff or upon issuance of a habeas writ finding Plaintiff's conviction invalid. See Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, the Amended Complaint does not indicate that Plaintiff's malicious prosecution claim has accrued, either for the purposes of determining its ripeness or for that of stating the elements of Plaintiff's claim; to the contrary, the Amended Complaint makes it evident that Plaintiff is still in the process of litigating his criminal charges or serving his criminal sentence. Therefore, same as with respect to Plaintiff's original complaint, his false arrest challenges are subject to dismissal (with prejudice) as time barred, while his malicious prosecution challenges are subject to dismissal (without prejudice) as premature.

### III. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Plaintiff's amended complaint. All Plaintiff's claims, except for his malicious prosecution challenges, will be dismissed with prejudice;

10

the malicious prosecution challenges will be dismissed without prejudice.[5]  An appropriate Order accompanies this Opinion.


                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE
                                          U.S. District Judge


Dated: **August 25, 2009**

---

[5] The Court stresses that the fact of the Court's dismissal of Plaintiff's malicious prosecution challenges without prejudice is not equal to leave to file another amended complaint, i.e., it is neither a permission nor an invitation to re-amend Plaintiff's pleadings in *this action*.  The dismissal without prejudice is noted merely to ensure that Plaintiff would not be barred from an opportunity to file a § 1983 suit for malicious prosecution in the event Plaintiff succeeds at securing a state court order dismissing his criminal charges or a writ of habeas corpus conclusively invalidating Plaintiff's conviction.